ACCEPTED
01-15-01044-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 4:26:30 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-01044-CV

### IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/28/2015 4:26:30 PM
CHRISTOPHER A. PRINE
Clerk

Don Prochaska,

*Appellant*,

v.

Matthew Barnes, Montcalm Co., LLC and Schain Leifer Guralnick

*Appellees.*

### APPELLEE SCHAIN LEIFER GURALNICK'S OBJECTION TO MEMORANDUM ORDER OF REFERRAL TO MEDIATION

From the 334th District Court of Harris County, Texas.
Trial Court Cause No. 2013-35800

TO THE HONORABLE COURT:

Appellee Schain Leifer Guralnick ("SLG") files this Objection to the Memorandum Order of Referral to Mediation (the "Referral Order"), pursuant to Tex. Civ. Prac. & Rem. Code Ann. §154.022, and would respectfully show unto the Court the following:

### PROCEDURAL HISTORY

1. On December 18, 2015, this Court issued the Referral Order.

2. The Referral Order provides that any party may file an objection to the referral within ten days of receiving the Order.

1

3. SLG received the Order via electronic mail from counsel to Appellant Don Prochaska ("Prochaska") on December 20, 2015 and so the current Objection is timely.

4. This action was commenced by Prochaska filing an Original Petition in the District Court of Harris County, Texas (the "Trial Court") on or around June 17, 2013.

5. SLG thereafter filed a Special Appearance asserting that it was not subject to personal jurisdiction in the State of Texas. Following the conclusion of extensive jurisdictional discovery, SLG filed a Second Amended Special Appearance on October 27, 2014, in which it substantiated the following:

(a) SLG is not a Texas entity, and is organized under the laws of the State of New York;

(b) SLG does not maintain any office or asset of any kind in Texas and has no employees, agents, and/or representatives that live or work in Texas;

(c) SLG has no systematic and continuous contacts with the State of Texas such as to subject it to the jurisdiction of a Texas court;

(d) SLG in no manner invoked the benefits and protections of the laws of Texas within the context of this lawsuit;

(e) SLG does not own property, maintain a bank account, or pay taxes in the State of Texas;

(f) SLG has not committed any tort, in whole or in part, within Texas to which it would be liable;

(g) SLG did not purposefully avail itself of the privilege of conducting activities with the forum of Texas;

2

(h)     SLG has neither entered into contracts nor engaged in substantial business transactions in Texas in connection with the subject matter of this case; and

(i)     SLG is not "essentially at home" in Texas as required by *Daimler AG v. Bauman*, -- U.S. --, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).

6.     On November 3, 2015, following a hearing, the Trial Court signed an Order granting SLG's Special Appearance and dismissing all claims and causes of action against SLG on the grounds that it was not subject to personal jurisdiction within the State of Texas.

7.     Prochaska noticed an interlocutory appeal of that dismissal on or around December 7, 2015.

8.     SLG now objects to the Referral Order on the grounds that: a) SLG has already been held not to be subject to personal jurisdiction in the State of Texas and so should not be required to appear here to participate in a mediation or to pay a mediator located here; and b) The likely costs of mediation significantly exceed the reasonable settlement value of the case, as SLG is confident of its ability to obtain an affirmance of the Trial Court's dismissal at minimal expense.

**POINT ONE**

**SLG SHOULD NOT BE COMPELLED TO MEDIATE BECAUSE IT HAS ALREADY BEEN FOUND NOT TO BE SUBJECT TO PERSONAL JURISDICTION IN TEXAS**

9.     SLG was previously dismissed by the Trial Court—who considered an extensive jurisdictional record, developed over the course of several months of discovery—on the grounds that SLG lacked sufficient contacts with the State of Texas to subject it to personal jurisdiction here.

10.     SLG should consequently not now be required to invest further time, money and resources in mediation by the courts of this state.  Specifically, given the lack of personal

3

jurisdiction over SLG, it should not be compelled to pay its longtime counsel to prepare for, travel to and participate in mediation in Texas. Moreover, SLG should not be required to pay a Texas mediator, when SLG is not subject to suit in Texas. Indeed, compelling SLG to do so in the face of a finding that it is not subject to jurisdiction would arguably violate its federal right to due process.

**POINT TWO**

<u>**MEDIATION WOULD BE UNPRODUCTIVE AND WOULD EXCEED ANY REASONABLE SETTLEMENT VALUE**</u>

11. SLG believes that it can prepare and file a brief in support of an affirmance at minimal cost due to the fact that the record is closed and the sole question on appeal is whether SLG is subject to jurisdiction in the State of Texas.

12. Furthermore, SLG is confident of its ability to obtain an affirmance due to the extensive degree of discovery afforded to Prochaska by the Trial Court and the length of the Trial Court's deliberation before dismissing SLG.

13. Consequently, SLG believes that the cost of participating in mediation is likely to exceed both its costs on the appeal and the reasonable settlement value of the now-dismissed claims against it.

4

14. For the foregoing reasons, Appellee Schain Leifer Guralnick objects to the Court's Memorandum Order of Referral to Mediation.

Respectfully submitted,

**RYMER, MOORE, JACKSON & ECHOLS, P.C.**

By: /s/ Clinton J. Echols
Clinton J. Echols
State Bar No. 00790625
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile: (713) 626-1558

**ATTORNEYS FOR APPELLEE
SCHAIN LEIFER GURALNICK**

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record herein by method indicated on this 28th day of December, 2015:

| | |
|---|---|
| Anthony L. Vitullo<br>Lance L. Livingston<br>FEE SMITH SHARP & VITULLO LLP<br>Three Galleria Tower<br>13155 Noel Rd., Ste. 1000<br>Dallas, TX 75240<br><br>*Attorney for Plaintiff-Appellant*<br>*Don Prochaska* | ***Via Electronic Mail*** |
| Robert L. Plotz<br>LAW OFFICES OF ROBERT L. PLOTZ<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br><br>Gregg Weinberg, Esq.<br>Frank Carroll, Esq.<br>ROBERTS MARKEL WEINBERG P.C.<br>2800 Post Oak Blvd., 57th Floor<br>Houston, TX 77056<br><br>*Attorneys for Defendants-Appellees*<br>*Matthew Barnes and Montcalm Co., LLC* | ***Via Electronic Mail*** |

| | |
|---|---|
| Keith M. Fleischman, Esq.<br>Ananda N. Chaudhuri, Esq.<br>THE FLEISCHMAN LAW FIRM<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br><br>Patrick Andrew Zummo<br>LAW OFFICES OF PATRICK ZUMMO<br>3900 Essex Lane, Suite 800<br>Houston, TX  77027<br><br>*Attorney for Defendants Jonathan Feldman,*<br>*Patriot Exploration Company, LLC, and*<br>*Millennium Drilling Co., Inc.* | ***Via Electronic Mail*** |
| Stacy Lee Williams<br>LOCKE LORD LLP<br>600 Travis St., Suite 3400<br>Houston, TX  77002<br><br>*Attorney for Defendant Carter Henson, Jr.* | ***Via Electronic Mail*** |

/s/ Clinton J. Echols
Clinton J. Echols